IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-181-RAH-JTA |
| ) | (WO) |
| OFFICER BIMBO, OFFICER ) | |
| MCCRAY, and MONTGOMERY ) | |
| COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

By separate order entered this date, the court granted *pro se* Plaintiff Kenneth Henderson's motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) For the reasons stated below, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court concludes Henderson's complaint fails to state a claim upon which relief can be granted and orders Henderson to file an amended complaint.

### I.   DISCUSSION

Because Henderson is proceeding *in forma pauperis*, the court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). Upon review, the court finds the complaint contains numerous deficiencies that must be remedied before this case can proceed.

Under the Federal Rules of Civil Procedure, a complaint fails to state a claim upon which relief can be granted unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

In his complaint, Henderson alleges the following:

> When I was detained in the city jail, Officer Bimbo threw my food on the jail floor every meal during his shift. Officer McCray took my glasses. I was deprived of water while in an isolation cell for two weeks. I was chemically restrained and sedated while in isolation.

(Doc. No. 1 at 1.)

Henderson alleges the above events occurred from June through August 2024. (*Id.*) He names as Defendants Officer Bimbo, Officer McCray, and the Montgomery County Jail. (*Id.*)

More information is needed to assess whether Henderson can state a cognizable claim against Officers Bimbo and McCray. Henderson fails to allege facts sufficient to

show that, by throwing Henderson's food on the floor, Officer Bimbo deprived Henderson of food to such an extent that he deprived Henderson of his constitutional rights. *See Oliver v. Gafford*, No. 5:15-CV-153-WTH-GRJ, 2018 WL 1938308, at *8 (N.D. Fla. Jan. 19, 2018) ("Plaintiff alleges . . . that food trays with food on them were thrown [on the floor], not that he was deprived of food."), *report and recommendation adopted*, No. 515-CV-153-WTH-GRJ, 2018 WL 1937072 (N.D. Fla. Apr. 24, 2018). For example, Henderson fails to allege whether throwing the food on the floor deprived him of food, how often Officer Bimbo was on shift to deliver his food, whether throwing the food on the floor made it inedible, and whether Henderson suffered any ill effects from the food being thrown on the floor (or from reduced food intake). *Cf. Id.* (in considering a motion summary judgment, concluding evidence an officer threw an inmate's food on the floor, without more, was insufficient to establish a constitutional violation). Similarly, the factual allegations against Officer McCray are so sparse they are insufficient to state a claim that the confiscation of Henderson's glasses rose to the level of, for example, deliberate indifference to Henderson's safety or unconstitutional deprivation of property or necessary medical care.

Further, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a **person** acting under the color of state law," *Brown v. Russell Co. Jail*, No. 3:22-CV-202-WHA-CSC, 2022 WL 22862950, at *1 & n.1 (M.D. Ala. May 17, 2022) (emphasis in original). Henderson names no "person" who is allegedly culpable for his claims that he "was deprived of water while in an isolation cell for two weeks" and "was chemically restrained and sedated while in

3

isolation." (Doc. No. 1 at 1.) He does not assert Officers Bimbo or McCray were the culprits of his isolation or chemical restraint. Moreover, the Montgomery County Jail is not an entity subject to suit. *See*, *e.g.*, *Bivens v. Montgomery Cnty. Det. Facility*, No. 2:24-CV-703-WKW-KFP, 2024 WL 5304955, at *1 (M.D. Ala. Dec. 13, 2024) (finding the Montgomery County, Alabama, detention facility is not an entity subject to suit), *report and recommendation adopted*, No. 2:24-CV-703-WKW, 2025 WL 51943 (M.D. Ala. Jan. 8, 2025); *Brown*, 2022 WL 22862950, at *1 n.1 (explaining that a county jail is not a "person" subject to suit under § 1983). Therefore, Henderson has not stated § 1983 claims against a "person" for his treatment in isolation or chemical restraint. *See Brown* 2022 WL 22862950, at *1 ("[I]n filing a § 1983 action[,] Plaintiff must set forth the facts that support his claims against the individuals he names as defendants, and state clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred.").

Further, even if Henderson had named a culpable actor legally subject to suit, his factual allegations are insufficient to establish either his isolation or his chemical restraint were constitutional violations. Isolation and chemical restraint, without more, are not necessarily unconstitutional. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (finding an inmate's placement on disciplinary segregation constitutes a loss of liberty when it imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life"); *Riggins v. Nevada*, 504 U.S. 127 (1992) (holding, in the context of a claim

4

that forcible medication deprived the plaintiff of fair trial, that a pretrial detainee[1] may be forcibly treated for mental illness if certain due process requirements are met); *Kister v. Wexford Health Sources, Inc.*, 2025 WL 1013729, at **5–6 (11th Cir. Apr. 4, 2025) (explaining the elements of a claim for deliberate indifference to a serious medical need); *see also*, *e.g.*, *Braggs v. Dunn*, 257 F. Supp. 3d 1171 (M.D. Ala. 2017) (addressing claims of deliberate indifference to serious medical needs in the context of the Alabama Department of Corrections' treatment of prisoners with mental health issues, including placing them in isolation or segregation); *Dunn v. Dunn*, 219 F. Supp. 3d 1100, 1153 (M.D. Ala. 2016) ("Although a prisoner's constitutional right to be free from unwanted medication is evaluated in light of the fact that he is incarcerated, . . . involuntary-medication orders must meet minimum standards of substantive and procedural due process." (citing *Washington v. Harper*, 494 U.S. 210, 220 222 (1990)).

Accordingly, Henderson's complaint, as it currently stands, does not state a claim upon which relief can be granted. Because Henderson is entitled to one opportunity to amend before dismissal for failure to state a claim, he must amend his complaint in compliance with this order or face dismissal of this case. *See Henderson*[2] *v. Montgomery Cnty. Det. Facility*, No. 2:24-CV-145-MHT-JTA, 2024 WL 3370820, at *2 (M.D. Ala. Apr. 12, 2024), *report and recommendation adopted*, No. 2:24CV145-MHT, 2024 WL 3361625 (M.D. Ala. July 10, 2024) ("Before dismissal of the complaint pursuant to § 1915(e), '[a]

---

[1] Henderson does not specify whether he was incarcerated as a pretrial or posttrial detainee at the time of the incidents giving rise to his complaint.

[2] Henderson was the plaintiff in *Henderson*, 2024 WL 3370820.

plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice.'" (quoting *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020)).)

Finally, Henderson has not filed the required conflict disclosure form. The Clerk of the Court notified him of this deficiency by letter dated March 7, 2025, and provided him a copy of the relevant form. (Doc. No. 4.) The Clerk instructed Henderson to correct the deficiency "within ten . . . days" of the date of the letter. (*Id*. at 1.) That deadline has passed.

## II.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. **On or before April 28, 2025**, Henderson shall file the required disclosure statement. A template "Disclosure Statement" is available on the court's website at https://www.almd.uscourts.gov/forms/conflict-disclosure-form-2024.

2. On or before **April 28, 2025**, Henderson must file an amended complaint in compliance with the following requirements:

    a. To the extent possible, correctly names Defendant(s).

    b. States claims against Defendants who are individuals or legal entities subject to suit.

    c. Sets out a short, plain statement of the facts on which Henderson bases his claims. The amended complaint must specifically describe how Defendants acted, or failed to act, in a manner that harmed Henderson.

    d. Presents a short and plain statement of each claim showing Henderson is entitled to relief and "give[s] [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a separately numbered count that specifies which law was allegedly violated and reference specific allegations of fact that support each legal claim. To the extent practicable, and for further clarity, Henderson should also state when the alleged violations occurred.

    e. Includes Henderson's signature in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.

**Henderson is advised that failure to timely file an amended complaint in compliance with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice**. **Henderson is further advised that his amended complaint will be subject to 28 U.S.C. § 1915(e)(2)(B) review.**

DONE this 15th day of April, 2025.

                                                                           JERUSHA T. ADAMS
                                                                           UNITED STATES MAGISTRATE JUDGE