IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:25-cv-181-RAH-JTA ) (WO) |
| OFFICER BIMBO, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 5.) On April 15, 2025, the court ordered *pro se* Plaintiff Kenneth Henderson to file an amended complaint and the required conflict disclosure statement on or before April 28, 2025. (Doc. No. 7.) Plaintiff has failed to respond to that order.

For the reasons stated below, the undersigned recommends this action be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

**I. JURISDICTION**

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1]

---

[1] Plaintiff alleges Defendants violated his civil rights by depriving him of food and water while he was incarcerated and using chemicals to restrain him while he was in solitary confinement. (Doc. No. 1.) The undersigned generously construes Plaintiff's allegations as asserting claims pursuant to 28 U.S.C. § 1983 for alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.

## II.     STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)). Consistent with this authority, and pursuant to Rule 41(b)[2] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E.*

---

[2] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

*Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[3] *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Chambers*, 501 U.S. at 43 (holding federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle*, 556 F.3d at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

---

[3] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

### III. DISCUSSION

On April 15, 2025, the court ordered Plaintiff to file an amended complaint because his original complaint failed to pass review under 28 U.S.C. § 1915(e)(2)(B).[4] (Doc. No. 7.) Plaintiff's initial complaint contained numerous deficiencies, including failure to state a claim upon which relief can be granted and failure to name a culpable actor legally subject to suit. (*Id.*) Accordingly, Plaintiff was ordered to file an amended complaint on or before April 28, 2025, that complied with the following requirements:

a. To the extent possible, correctly names Defendant(s).

b. States claims against Defendants who are individuals or legal entities subject to suit.

c. Sets out a short, plain statement of the facts on which Henderson bases his claims. The amended complaint must specifically describe how Defendants acted, or failed to act, in a manner that harmed Henderson.

d. Presents a short and plain statement of each claim showing Henderson is entitled to relief and "give[s] [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed. R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a separately numbered count that specifies which law was allegedly violated and reference specific allegations of fact that support each legal claim. To the extent practicable, and for further clarity, Henderson should also state when the alleged violations occurred.

e. Includes Henderson's signature in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.

---

[4] Under 28 U.S.C. § 1915(e)(2)(B)(i) – (iii), "the court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief."

(*Id*. at 6-7.) Plaintiff was specifically cautioned that "***failure to timely file an amended complaint in compliance with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice.***" (*Id.* at 7 (emphasis added).)

In addition, the April 15, 2025 Order directed Plaintiff to file the required disclosure form on or before April 28, 2025. (*Id*. at 6.) *See* M.D. Ala. LR 7.1.[5]

Plaintiff failed to meet the Court's deadline of April 28, 2025 for filing both the amended complaint and required disclosure form. Thus, on May 9, 2025, the court ordered Plaintiff to show cause before May 21, 2025, for his failure to file an amended complaint and the required conflict disclosure form. (Doc. No. 8.) To date, despite clear warnings, Plaintiff has failed to file an amended complaint and has additionally failed to file the required disclosure form.

Plaintiff has missed multiple deadlines set by the court, failed to file documents which complied with the Federal Rules of Civil Procedure, and failed to file documents in accordance with the court's orders. This is Plaintiff's case and its continuance is contingent on Plaintiff's compliance with the court's orders.

This action is due to be dismissed without prejudice as Plaintiff has failed to comply with court orders and failed to prosecute the case. *See Moon v. Newsome*, 863

---

[5] Under M.D. Ala. LR 7.1, "all parties shall file a Conflict Disclosure Statement, at the time of the filing of the initial pleading, or other Court paper on behalf of the party or as otherwise ordered by the Court, identifying all parent companies, subsidiaries, partners, limited liability entity members and managers, trustee (but not trust beneficiaries), affiliates, or similar entities that could potentially pose a financial or professional conflict for a judge."

F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." (*Id.*) It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (*Id*. at 630–31.) In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

## IV.   CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **July 22, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de

6

novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of July, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE